UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSICA R.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:20-CV-5033-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") did not err in evaluating Plaintiff's testimony, the medical opinion evidence, or opinions from non-acceptable medical sources. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On June 29, 2016, Plaintiff filed applications for DIB and SSI, alleging in both applications a disability onset date of January 1, 2013. *See* Dkt. 21, Administrative Record ("AR") 15, 190-95. Plaintiff's application for DIB was denied immediately, and her application for SSI was denied initially and upon reconsideration. AR 15, 122-25, 129-35. A hearing was held before ALJ Gerald J. Hill on August 9, 2018. AR 42-86. In a decision dated November 27, 2018, the ALJ found that Plaintiff was not disabled. AR 12-35. On November 14, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on February 3, 2020. Dkt. 5.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) not providing clear and convincing reasons for discounting Plaintiff's testimony; (2) not providing specific and legitimate reasons for discounting the opinions of Terilee Wingate, Ph.D. and Michael Jenkins Guarnieri, M.D.; and (3) not providing germane reasons for discounting the opinions of Megan Colburn, ARNP, Nancy Armstrong, ARNP, Kerry Kimbel, and LMHC Judith Oliver, LMHC. Dkt. 23, pp. 3-18. Plaintiff asks this Court to remand this case for an award of benefits. *Id.* at 19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff contends that the ALJ erred in evaluating her symptom testimony. Dkt. 23, pp. 3-12.

In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's allegations of disabling physical and mental symptoms were inconsistent with the record; (2) Plaintiff failed to follow through with treatment recommendations; (3) Plaintiff's migraines and lower back pain are managed effectively with medication; (4) Plaintiff's mental health symptoms improved with therapy and medication; (5) Plaintiff was able to work full-time despite her impairments; (6) Plaintiff exaggerated her migraines and pain symptoms to obtain pain medication; (7) Plaintiff exaggerated her physical and mental limitations to obtain benefits; and (8) Plaintiff's allegations are inconsistent with her self-reported activities of daily living. AR 27-30.

With respect to the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not

reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

As for the ALJ's second reason, Social Security Ruling ("SSR") 16-3p provides that if an individual fails to follow prescribed treatment that might improve symptoms, an ALJ may find that the alleged intensity of an individual's symptoms is inconsistent with the record.

Here, the ALJ found that Plaintiff failed to follow through with treatment recommendations that could have alleviated her primary physical impairment, migraines related to a neurological condition, pseudotumor cerebri. AR 28. The ALJ reasoned that Plaintiff did not take Diamox, medication that might have alleviated her migraines, as prescribed, and did not visit a neurologist until 2017 despite multiple referrals. AR 28, 313, 434-35, 507, 521, 546, 552, 584, 1018.

The Social Security Administration will not find an individual's symptoms inconsistent with the evidence in the record because the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *See* SSR 16-3p.

Plaintiff has not explained her failure to consistently take her medication or to see a neurologist in a timely manner. The only explanation she offered her physician for her failure to take Diamox as prescribed was that she had become "immune" to the drug. AR 537, 552. Plaintiff has not offered any explanation for failing to follow up with a neurologist.

Plaintiff's selective compliance with her treatment regimen permitted the ALJ to infer that Plaintiff's symptoms were not as "all-disabling" as she reported. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that a failure to pursue consistent treatment for an impairment can serve as "powerful evidence" that a claimant's impairments are not as severe as alleged); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.").

Regarding the ALJ's third and fourth reasons, a finding that a claimant's impairments are successfully managed with treatment can serve as a clear and convincing reason for discounting a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

Here, the ALJ reasoned that Plaintiff's migraines and lower back pain were managed effectively with medication when she was compliant with her treatment regimen, and that physical examinations revealed that Plaintiff was often intact neurologically and typically ambulated with a normal gait, demonstrated a full range of motion in her back and a full range of motion, strength, sensation, and reflexes in her extremities. AR 27, 312, 489, 507, 513-14, 537, 541, 549-50, 552-53, 563, 586, 594, 641, 674, 678, 683, 1027, 1129-30, 1133-34.

1    Similarly, with respect to Plaintiff's mental health impairments, the ALJ reasoned that
2 Plaintiff's mental health impairments improved with therapy and medication. AR 27-28. The
3 ALJ's reasoning is consistent with the record, which indicates that Plaintiff reported
4 improvement in her mental health symptoms when compliant with her medication and therapy
5 regimen, and that mental status examinations conducted during the period at issue were typically
6 normal. AR 27-28, 311-12, 378, 519-20, 674, 678, 683, 728, 730, 747, 751, 753, 756, 758, 760,
7 766, 768, 814, 818, 820, 821, 827, 829, 834, 839, 841, 843, 857, 867, 877, 891, 900, 902, 906,
8 908, 1129.
9    Accordingly, the ALJ has provided clear and convincing reasons for discounting
10 Plaintiff's testimony concerning her physical and mental impairments.
11    While the ALJ has provided additional clear and convincing reasons for discounting
12 Plaintiff's testimony, the Court need not assess whether these reasons were proper, as any error
13 would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir.
14 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))
15 (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was
16 harmless because the ALJ gave a reason supported by the record" to discount the opinion).

17    **II.    Whether the ALJ properly evaluated the medical opinion evidence.**

18    Plaintiff maintains that the ALJ erred in evaluating medical opinions from Terilee
19 Wingate, Ph.D. and Michael Jenkins Guarnieri, M.D. Dkt. 23, pp. 15-17.
20    In assessing an acceptable medical source, an ALJ must provide "clear and convincing"
21 reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*
22 *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.
23 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining
24

physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

   A.  **Dr. Wingate.**

Dr. Wingate examined Plaintiff twice for the Washington Department of Social and Health Services ("DSHS").

Dr. Wingate first examined Plaintiff on August 18, 2016. AR 277-285, 970-78. Dr. Wingate's evaluation consisted of a clinical interview, a mental status examination, psychological testing, and a review of prior psychological examinations. Based on this evaluation, Dr. Wingate opined that Plaintiff would have a range of moderate and marked mental limitations, and that her overall degree of limitation would be marked. AR 279-80, 972-73.

Dr. Wingate examined Plaintiff again on June 22, 2017. AR 944-51, 979-86. Dr. Wingate's evaluation consisted of a clinical interview, a mental status examination, psychological testing, and a review of her previous examination. Based on this evaluation, Dr. Wingate again opined that Plaintiff would have a range of moderate and marked mental limitations, and that her overall degree of limitation would be marked. AR 946, 981.

The ALJ assigned "little weight" to Dr. Wingate's opinions, reasoning that: (1) her opinion was inconsistent with the record, which indicates that Plaintiff's mental health impairments improved with treatment and therapy, and that mental status examinations

conducted during the period at issue were normal; (2) Plaintiff was able to work full-time despite her impairments; (3) Plaintiff made inconsistent statements regarding the efficacy of her mental health treatment; and (4) Plaintiff's allegations are inconsistent with her self-described activities of daily living. AR 30-31.

With respect to the ALJ's first reason, an inconsistency with the medical record can serve as a specific and legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

As discussed above in connection with Plaintiff's symptom testimony, the ALJ's findings that Plaintiff's mental health symptoms improved when she was compliant with her medication and therapy regimen, and that mental status examinations conducted during the period at issue were typically normal, are supported by substantial evidence. *See supra* Section I.

Accordingly, the ALJ has provided a specific and legitimate reason for discounting Dr. Wingate's opinion. While the ALJ has provided additional specific and legitimate reasons for discounting Dr. Wingate's opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *Presley-Carrillo*, 692 Fed. Appx. at 945.

**B.     Dr. Guarnieri**

Dr. Guarnieri performed a review of the medical evidence for DSHS on June 23, 2017. AR 952-54. Dr. Guarnieri reviewed Dr. Wingate's opinions, along with two earlier evaluations performed by DSHS psychologists. AR 952. Dr. Guarnieri's opinion was consistent with Dr.

Wingate's, and assessed Plaintiff as having a range of moderate and marked mental limitations. AR 953.

The ALJ assigned "little weight" to the opinion of Dr. Guarnieri for the same reasons he discounted Dr. Wingate's opinions. AR 33. As discussed above, the ALJ has provided specific and legitimate reasons for discounting Dr. Wingate's opinions, and the ALJ has similarly provided specific and legitimate reasons for rejecting Dr. Guarnieri's opinion, which is itself largely predicated on the opinions of Dr. Wingate. AR 952; *see supra* Section II.A.

### III. Whether the ALJ erred in assessing opinions from non-acceptable medical sources.

Plaintiff contends that the ALJ erred in not providing germane reasons for discounting opinions from Megan Colburn, ARNP, Nancy Armstrong, ARNP, Kerry Kimbel, LHMC, MHP, and Judith Oliver, LMHC. Dkt. 23, pp. 12-15, 17-18.

When evaluating opinions from non-acceptable medical sources such as nurse practitioners and therapists, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 416.902.

#### A. Ms. Colburn.

Examining nurse practitioner Ms. Colburn offered an opinion concerning Plaintiff's physical limitations on July 12, 2017. AR 773-74. Ms. Colburn opined that Plaintiff would miss two days of work per month on average due to pain from her sciatica and migraines which "can be very debilitating." AR 774.

The ALJ assigned "little weight" to Ms. Colburn's opinion, reasoning that it was inconsistent with: (1) the medical record; and (2) Plaintiff's activities of daily living. AR 32.

For the reasons discussed in connection with Plaintiff's symptom testimony, in citing the inconsistency of Ms. Colburn's opinion with the medical record concerning Plaintiff's physical impairments, the ALJ has provided a germane reason for discounting it. *See supra* Section I; *see also Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision).

**B.  Ms. Armstrong.**

Nurse practitioner Ms. Armstrong provided two opinions concerning Plaintiff's physical limitations.

On October 31, 2016, Ms. Armstrong opined that Plaintiff would be "severely limited", meaning that she would be unable to meet the demands of sedentary work. AR 467-71, 690-94, 916-20. On July 12, 2017, Ms. Armstrong offered an identical opinion. AR 989-93.

The ALJ assigned "little weight" to Ms. Armstrong's opinions, reasoning that they were inconsistent with: (1) the medical record; (2) Plaintiff's activities of daily living; and (3) Plaintiff's ability to work full-time after her disability onset date. AR 31.

As discussed above in connection with Ms. Colburn's opinion, by citing the inconsistency of Ms. Armstrong's opinion with the medical record, the ALJ has provided a germane reason for discounting it. *Baylis*, 427 F.3d at 1218.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 10

**C.    Ms. Kimbel.**

Plaintiff's therapist, Ms. Kimbel, offered an opinion concerning her work-related mental limitations on February 22, 2017. AR 629-31. Ms. Kimbel opined that Plaintiff would have some moderate and marked mental limitations, would be off task less than 12 percent of a workday, and would likely miss two days of work per month due to her mental impairments. *Id.*

The ALJ assigned "partial weight" to Ms. Kimbel's opinion, finding that Ms. Kimbel's opinion was somewhat consistent with the medical record, but reasoning that the marked mental limitations assessed by Ms. Kimbel were inconsistent with: (1) the medical record; (2) Plaintiff's activities of daily living; and (3) Plaintiff's ability to work full-time after her disability onset date. AR 32.

For the reasons discussed in connection with Plaintiff's symptom testimony, in citing the inconsistency of Ms. Kimbel's opinion with the medical record concerning Plaintiff's mental limitations, the ALJ has provided a germane reason for discounting her opinion. *See supra* Section I; *Baylis*, 427 F.3d at 1218.

**D.    Ms. Oliver.**

Plaintiff's therapist, Ms. Oliver, offered an opinion concerning her work-related mental limitations on July 18, 2018. AR 912-15. Ms. Oliver opined that Plaintiff would have a range of moderate, marked, and severe mental limitations, would be off task over 30 percent of a workday, and would likely miss four or more days of work per month. *Id.*

The ALJ assigned "little weight" to Ms. Oliver's opinion, offering identical reasons for those he cited in discounting Ms. Kimbel's opinion. AR 32-33. For the reasons discussed in connection with Ms. Kimbel's opinion, the ALJ has provided specific and legitimate reasons for discounting Ms. Oliver's opinion. *See supra* Section III.C.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 5th day of November, 2020.

David W. Christel
United States Magistrate Judge